UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JON WILLIS**                                      **CASE NO. 2:19-CV-00165**

**VERSUS**                                          **JUDGE JAMES D. CAIN, JR.**

**BARRY GRAHAM OIL SERVICE LLC**                    **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 31] filed by plaintiff Jon Willlis, seeking dismissal of the limitation defense asserted by defendant Barry Graham Oil Service LLC ("BGOS"). BGOS opposes the motion and also moves to strike the expert report submitted in support thereof. Doc. 33. Following a hearing, the parties submitted supplemental briefs on the proper factfinder for the limitation defense. Docs. 41, 42.

### I.
### BACKGROUND

This suit arises from an accident that occurred when Mr. Willis was working as a platform operator on the outer continental shelf. Doc. 1. Mr. Willis alleges that on February 2, 2018, he was assisting in the offloading of a grocery box from a work vessel, the *Ms. Tami*, onto the platform. *Id.* at 2. He further alleges that when he grabbed the tag line to land the box, the line slipped and caused him to fall to the platform deck. *Id.* As a result, he maintains, he suffered injury to his lower back, neck, and head. *Id.* Mr. Willis contends

that the accident was caused by BGOS's failure to properly secure the box and/or its use of a tag line that was not strong enough for the box. *Id.* at 2–3.

Mr. Willis filed suit in this court against BGOS, raising claims of negligence under general maritime law. *Id.* at 1–2. To this end he alleges that BGOS is the owner, owner *pro hac vice*, and operator of the *Ms. Tami*, and that it breached its duty of care to him in the following respects:

(1) Failing to establish procedures to ensure that tag lines were properly tied to grocery boxes;

(2) Failure to train vessel crew on proper handling of the tag line and grocery box;

(3) Failure to hire safe and conscientious seamen to work on the vessel;

(4) Failure to comply with safety standards concerning tag lines;

(5) Failure of crew members to properly secure the tag line; and

(6) Failure of crew members to properly inspect the tag line.

*Id.* at 3–4.

In response BGOS asserted a defense pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*. Doc. 7, p. 5. Mr. Willis now brings the instant motion for summary judgment, arguing that BGOS is not entitled to this defense because it cannot show that the fault causing the accident occurred without its privity or knowledge. Doc. 31. BGOS opposes the motion and maintains that issues of fact preclude summary judgment. Doc. 33. It also argues that an expert report submitted by Mr. Willis in support of his motion should be stricken. *Id.*

In its reply brief, plaintiff defends the Borison report and maintains that he is seeking summary judgment to the effect that **if** the jury finds defendant was negligent in the manner alleged, then BGOS's limitation defense cannot stand because it had privity and knowledge of the alleged acts and omissions leading to the accident. Doc. 35. At oral argument plaintiff also emphasized its argument that the judge is proper factfinder for the limitation defense – meaning that the matter could be settled before the case reached a jury as a matter of efficiency. The defendant did not concede the issue and the court ordered supplemental briefs, which have now been submitted. Docs. 41, 42.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is

not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

#### A. *Challenge to Borison Expert Report*

First, the court considers the parties' arguments relating to the admissibility of an expert report submitted by plaintiff in support of his motion. The report at issue is one authored by Robert Borison and contains a root cause analysis as well as opinions on BGOS's compliance with various maritime safety standards. Doc. 31, att. 6. BGOS argues that the report is inadmissible in the following respects: (1) being in improper form, (2) assuming facts not in evidence, and (3) failing to meet the threshold criterion for use of expert testimony under the Federal Rules of Evidence. Doc. 33. Accordingly, it maintains, the report should not be considered in review of this motion. *Id.*

"At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form." *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir.

2017); *see* Fed. R. Civ. P. 56(c). Instead, "materials cited to support or dispute a fact need only be *capable* of being presented in a form that would be admissible in evidence." *Id.* (cleaned up; emphasis in original). "The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." *Lee v. Offshore Logistical and Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017) (citing Fed. R. Civ. P. 56, advisory committee note to 2010 amendment).

BGOS argues that the 17-page report is in improper form because (1) it is presented in the form of a letter and (2) it is not a sworn declaration itself, but instead is attached to a declaration that is only sworn as to the statements in the declaration. *See* doc. 31, att. 6. As BGOS points out, these types of deficiencies led the Northern District of Texas to strike an expert report submitted in support of a motion for summary judgment based on a finding that the sworn declaration did not cure the unsworn reports. *See Highland Cap. Mgmt. LP v. Bank of America, Nat'l Ass'n*, 2013 WL 4502789 (N.D. Tex. Aug. 23, 2013). That matter, however, relied on case law predating the 2010 amendment to Rule 56. *See id.* at \*6 (citing *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001). Moreover, the court also declined to allow plaintiff to submit a new declaration because it found that the reports were deficient for other reasons. *Id.* at \*6–\*8.

As the Fifth Circuit recently held, a district court errs when it strikes an expert report on summary judgment solely because it is unsworn. *Patel v. Texas Tech Univ.*, 941 F.3d 743, 746–47 (5th Cir. 2019). Accordingly, the court will not strike any part of the report based on deficiencies in the declaration. Moreover, because the court finds the motion to

be premature as described below, it will reserve the other alleged deficiencies in the report for a *motion in limine*.

### B. Motion for Summary Judgment

The Limitation of Liability Act allows a shipowner to limit its liability for damages in a maritime accident to the value of the vessel involved in that accident and its then-pending freight. 46 U.S.C. § 30505. If the proximate cause of the accident is negligence or the vessel's unseaworthy condition, the vessel owner is only entitled to limitation if it can show that it lacked privity or knowledge of these circumstances. *Brister v. AWI, Inc.*, 946 F.2d 350, 359 (5th Cir. 1991). "Privity or knowledge," the Fifth Circuit has repeatedly emphasized, "implies some sort of complicity in the fault that caused the accident." *Id.* at 355 (quoting *Nuccio v. Royal Indem. Co.*, 415 F.2d 228, 229 (5th Cir. 1969)). The owner has privity if it "personally participated in the negligent conduct or brought about the unseaworthy condition." *In re Omega Protein, Inc.*, 548 F.3d 361, 371 (5th Cir. 2008) (internal quotations omitted).

As the Fifth Circuit has set out, proper consideration of a limitation defense thus entails a two-step process. The court must "[f]irst . . . determine what acts of negligence or unseaworthiness caused the accident" and "[s]econd . . . determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness." *Farrell Lines Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976); *see also In re Signal Internat'l, LLC*, 579 F.3d 478, 496 (5th Cir. 2009) ("Once a claimant proves that negligence or unseaworthiness caused an accident, an owner seeking limitation must show it lacked privity or knowledge of the condition.") Where there is a factual dispute on the

cause of the accident, a motion for summary judgment on limitation of liability must be denied. *E.g.*, *In re OMI Environmental Solutions*, 2014 WL 2158492 (E.D. La. May 23, 2014).

As both parties admit, there is a split in authority over whether the limitation defense should be decided by the judge or jury. The Fifth Circuit has affirmed the practice of bifurcated trials where the vessel owner raises limitation of liability of a defense, emphasizing that "[t]he court, not a jury, must determine whether the shipowner merits relief under this provision." *Brister v. A.W.I., Inc.*, 946 F.3d 350, 355 (5th Cir. 1991). Persuasive authority suggests, however, that the limitation defense may be left to the jury in the common scenario where plaintiff has invoked his right to a jury in the same proceeding and the factual issues underlying plaintiff's claim are virtually identical to the issues underlying the limitation defense. *See Doughty v. Nebel Towing Co.*, 270 F.Supp. 957 (E.D. La. 1967); *see also Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011) ("Without an express prohibition on jury trials in admiralty cases, we agree . . . that concerns of judicial economy and the fair administration of justice override the historic tradition of trying admiralty claims to the bench when the claims are closely related.")

Regardless of the limitation fact finder in this case, however, summary judgment is premature. Plaintiff admits that there are factual disputes concerning the cause of the accident, but maintains that summary judgment should be granted to the effect that BGOS is not entitled to limit its liability **if** he proves that the accident occurred in the manner he alleges. Doc. 35, p. 1. The court will not prematurely shift the burden to BGOS to show

that it had no privity or knowledge of the alleged negligence of the vessel crew, nor will it grant summary judgment on a contingency. Accordingly, the motion will be denied.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 31] filed by plaintiff Jon Willis will be **DENIED**, without prejudice to plaintiff's right to assert these arguments after trial and/or after the cause of the accident has been proven.

**THUS DONE AND SIGNED** in Chambers on this 30th day of November, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**