UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JON WILLIS** | **CASE NO.  2:19-CV-00165** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BARRY GRAHAM OIL SERVICE L L C** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is an Appeal of Magistrate Judge Decision [doc. 149] filed by plaintiff Jon Willis and seeking reversal of the recent decision [doc. 137] of the magistrate judge, granting the Motion for Leave to Take Deposition of Plaintiff [doc. 112] filed by Shamrock Management, LLC d/b/a Shamrock Energy Solutions ("Shamrock"), third-party defendant to claims asserted by Barry Graham Oil Service LLC ("BGOS").

This suit arises from injuries allegedly suffered by Jon Willis, a Shamrock employee on February 10, 2018, while he was working as a platform operator off the coast of Louisiana in the Gulf of Mexico. Doc. 1, ¶ V. Willis was assisting with offloading cargo from the *M/V MS TAMI*, a vessel chartered by BGOS, and alleges:

> A grocery basket was lifted by crane to Fieldwood platform from vessel Ms Tami.  The grocery box had a tag line that had been attached, observed, and inspected by crew member(s) of vessel Ms Tami.  As the grocery box reached the platform, plaintiff grabbed the tag line and began to guide and turn the grocery box to its proper landing position on platform, when suddenly and without warning, while the grocery box was still in the air, the tag line on which plaintiff was pulling slipped off the grocery box causing plaintiff to lose his balance and fall to the deck of platform, causing injury to plaintiff's body including neck, low back, headaches.  The tag line had not been

> properly and securely tied by defendant to the grocery box, and/or it was not strong enough and broke off.

*Id.* Willis was covered under the Longshore and Harbor Worker's Compensation Act ("LHWCA") and received worker's compensation benefits from Shamrock. Doc. 128, att. 6, p. 3. He also filed suit against BGOS, attributing the accident and his resulting injuries to the negligence of the company and its employees. Doc. 1. Relevant to these motions, BGOS has filed a third-party complaint against Shamrock and its insurer, Aspen Managing Agency Ltd. ("Aspen"), raising claims for defense, indemnity, and additional insured status under Shamrock's policy with Aspen and Shamrock's Master Service Contract with BGOS. Docs. 55, 79.

Shamrock sought leave to conduct a second deposition of plaintiff, who had already been deposed by BGOS, in order to assist with its defense to the third-party claims. Doc. 112. The magistrate judge analyzed the motion under Federal Rule of Civil Procedure 26(b)(2) and found that Shamrock showed good cause for the deposition because it was not able to participate in the first and plaintiff's testimony could prove relevant to the defense and indemnity claims. She noted that, although Shamrock had not provided a list of proposed questions, she was willing to assume that the nature of its defenses required testimony not adduced in the first deposition. *Id.* at 3. Finally, she declined to place an explicit limit on questions but reminded Shamrock of its obligation under Rule 26 "to keep any questioning proportional to the needs of the case and not to burden or harass plaintiff with unduly cumulative questioning." *Id.* at 4.

Plaintiff objects to this ruling and has filed an appeal of the decision under Federal Rule of Civil Procedure 72(a). Doc. 149. He argues that Shamrock failed to carry its burden, as reflected by the assumptions the magistrate judge was required to make in its favor, and that good cause does not exist to re-depose him. Shamrock has filed a response, arguing in relevant part that the magistrate judge's decision was reasonable and that new material provided by plaintiff in discovery responses to Shamrock provides sufficient cause for the deposition.[1]

Federal law grants magistrate judges broad discretion in resolving non-dispositive disputes such as the discovery matter at issue. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). On appeal, the ruling may only be overturned by the district judge if it is "clearly erroneous or contrary to law." *Id.* Relevant to this motion, Federal Rule of Civil Procedure 30(a) requires that a party seek leave of court in order to depose a person whose deposition has already been taken. The court will grant such leave "to the extent consistent with the principles stated in Federal Rule of Civil Procedure 26(b)(2)." Fed. R. Civ. P. 30(a)(2). Under that rule, the court must limit discovery if it determines that (1) it is unreasonably duplicative or cumulative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information in the same action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the

---

[1] Shamrock also argued that it was necessary to depose plaintiff in order to ask questions relevant to its Motion for Summary Judgment [doc. 128], namely relating to its defense under § 905 of the LHWCA, but abandons this argument in light of the fact that the motion has already been filed and fully briefed. Doc. 152, p. 3 n. 1.

3

case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2).

Upon review of the decision, the court finds no clear error in the magistrate judge's decision to accommodate both Shamrock's discovery needs and plaintiff's interest in not being unduly burdened by a second deposition. New material produced in discovery may provide good cause for re-deposing a witness. *E.g.*, *Martin v. Fidelity Nat. Title Ins. Co.*, 2011 WL 3349843 (E.D. La. Aug. 3, 2011). Given Shamrock's inability to participate in the first deposition and the difference between the claims asserted against Shamrock versus those brought against BGOS, the court finds the existing limitations adequate but reminds Shamrock that the proper scope of this deposition pertains to the defense of its third party claims only. Accordingly, the Appeal [doc. 149] is **DENIED** and the ruling [doc. 137] is **AFFIRMED**.

**THUS DONE AND SIGNED** in Chambers this 16th day of May, 2022.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**