UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

JON WILLIS                                    CASE NO.  2:19-CV-00165

VERSUS                                        JUDGE TERRY A. DOUGHTY

BARRY GRAHAM OIL SERVICE LLC        MAG. JUDGE KATHLEEN KAY

<u>MEMORANDUM RULING</u>

Pending before the Court is a Motion in Limine to Exclude Testimony of Dr. C. Alan

Hopewell, Ph.D. [Doc. No. 167] filed by Shamrock Management LLC d/b/a Shamrock Energy

Solutions ("Shamrock"). Plaintiff Jon Willis ("Willis") filed an Opposition [Doc. No. 234].

For the reasons set forth herein, Shamrock's Motion in Limine is **DENIED**.

## I.        BACKGROUND

On February 10, 2018, Willis, an employee of Shamrock, was allegedly injured while

working as a platform operator on a Fieldwood platform off the coast of Louisiana in the Gulf of

Mexico. Willis allegedly lost his footing after a tagline he was holding slipped from cargo being

offloaded from the MS TAMI ship, causing Willis to land on his backside on the platform deck.

In Shamrock's Motion in Limine, Shamrock seeks to prohibit Plaintiff's expert Dr. C. Alan

Hopewell ("Dr. Hopewell") from testifying pursuant to Federal Rules of Evidence 702 and 703.

## II.       APPLICABLE LAW

FRE 702 provides:

> A witness who is qualified as an expert by knowledge, skill,
> experience, training, or education may testify in the form of an
> opinion or otherwise if: (a) the expert's scientific, technical, or other
> specialized knowledge will help the trier of fact to understand the
> evidence or to determine a fact in issue; (b) the testimony is based
> on sufficient facts or data; (c) the testimony is the product of reliable

1

principles and methods, and (d) the expert has reliably applied the
principles and methods to the facts of the case.

District courts function as gatekeepers and should permit only reliable and relevant expert testimony to be presented to the trier of fact. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993). A court has great discretion concerning the admissibility and relevancy of evidence and has wide latitude to determine whether an expert has the competence, background, and experience to qualify. *Echeverry v. Jazz Casino Co.*, 998 F.3d 221, 235 (5th Cir. 2021).

A court's role as gatekeeper does not replace the traditional adversary system and a review of the case law. Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attaching shady but admissible evidence. *Vallecillo v. McDermott, Inc.*, 576 F. Supp. 3d 420, 424 (W.D. La. 2021). Additionally, challenges to the bases and sources of an expert's opinion affect the weight to be given to that opinion, not its admissibility. *Puga v. RCX Sols, Inc.*, 922 F.3d 285, 294 (5th Cir. 2019). If the evidence and facts of a particular case are such that a lay person can understand them without an expert's assistance, then the use of expert testimony is not only unnecessary and unhelpful, it actually invades the domain of common sense matters upon which jurors require no expert assistance. *United States v. Johnson*, 575 F.2d 1347, 1361 (5th Cir. 1978).

Admission of expert testimony is proper where: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *Bittle v. Cain*, 2015 WL 1311216, at *5 (ED. La., Mar. 23, 2015).

Rule 703 focuses on the data underlying the expert's opinion. *In re TMI Litigation*, 193 F.3d 613, 697 (3rd Cir. 1999). As part of its gatekeeper role, a district court must ensure that the underlying facts or data upon which a proffered expert's opinion is based are themselves reliable. If an expert's opinion is based on unreliable facts, the opinion must be excluded. *See In re TMI Litigation*, 193 F.3d at 697; *Montgomery County v. Microvote Corp.*, 320 F.3d 440, 448 (3rd Cir. 2003). "Rule 703's reliability standard is similar to Rule 702's reliability requirement, i.e., 'there must be good grounds on which to find the data reliable.'" *In re TMI Litigation*, 193 F.3d at 697 (internal citations omitted). Further, for every conclusion contained in an expert's report, a court must determine if the methodology leading to that conclusion is reliable. *Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194, 196 (5th Cir. 1996). A court may appropriately exclude expert testimony when it finds that an expert has extrapolated data, and there is "too great an analytical gap between the data and the opinion proffered." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *see also Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 279 (5th Cir. 1998). Such testimony should also be excluded when it is speculative or not amenable to scientific verification. *Moore*, 151 F.3d at 273. "Expert testimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006).

Shamrock's motion argues that Hopewell's expert opinions are inadmissible because his conclusions lack the required scientific validity.[1] Thus, Shamrock requests that any opinion by Dr. Hopewell regarding Willis's alleged traumatic brain injury ("TBI") and treatment thereof be excluded.[2]

---

[1] [Doc. No. 167-2 at p.1].
[2] [Id.].

### III.    DR. HOPEWELL'S REPORT AND OPINIONS

According to Shamrock, Dr. Hopewell gave a narrative report based on his neuropsychological evaluation of Willis.[3] Dr. Hopewell concluded that Willis has a type three concussion and may not be able to return to work due to his injury.[4] In the report, Dr. Hopewell recommends a brain injury treatment program to assist Willis with pain management.[5]

Willis notes that Dr. Hopewell performed the above-mentioned evaluation on Willis in a clinical setting after a referral from Dr. Weir, a local neurologist.[6] Dr. Hopewell's evaluation of Willis included "performing a one-hour diagnostic interview and eight hours of testing and scoring."[7] Dr. Hopewell's reports outline these tests and their results.[8]

### IV.    ANALYSIS

In its Motion for Limine, Shamrock argues that Dr. Hopewell's report lacks forensic validity based on the following language included in the report:

> NOTE:    THIS    REPORT    IS    A    CLINICAL NEURO/PSYCHOLOGICAL REPORT PERFORMED AT A REQUEST    TO    EVALUATE    FOR    TREATMENT RECOMMENDATIONS, **AND IN NO WAY OR MANNER CONSTITUTES ANY TYPE OF EXPERT WITNESS OR FORENSIC REPORT**.[9]

Shamrock asserts that this language indicates that "Dr. Hopewell's report lacks validity by its own terms."[10] Although somewhat unclear, Shamrock seems to argue that without its own "forensic section," Dr. Hopewell's report fails under the *Daubert* standard.[11] Shamrock asserts that Dr.

---

[3] [Id. at p.2].
[4] [Id.].
[5] [Id.].
[6] [Doc. No. 234 at p.1].
[7] [Id. at p.2].
[8] [Id.].
[9] [Doc. No. 167-2 at p.3 (*quoting* Exhibit 1, report of Dr. Hopewell, p.1)] (emphasis added).
[10] [Id.].
[11] [Id. p.4].

Hopewell cannot testify as a treating physician because the underlying basis lacks this "forensic validity."[12] Shamrock does not explain with any clarity how this fact renders Dr. Hopewell's entire proposed testimony scientifically unsound under Rule 702.

Willis emphasizes in his opposition that Shamrock fails to allege any issues with Dr. Hopewell's opinions that would render them improper under the *Daubert* standard.[13] For example, Shamrock does not argue that Dr. Hopewell is unqualified, that his methodology was unreasonable, nor that he wrongly applied that methodology.[14] Instead, Shamrock attacks the specific language in Dr. Hopewell's report that clarifies that the neuropsychological evaluation was done in a clinical setting in the course of treatment, rather than for purposes of expert testimony specifically.[15] Willis argues that Dr. Hopewell is allowed to testify as to his clinical evaluation of Willis, and nothing in Rule 702 prohibits such an opinion.[16]

This Court agrees with Willis that Dr. Hopewell qualifies as a treating physician and therefore can testify as to his evaluation and treatment of Willis in that capacity. The lack of a forensic report specifically does not automatically render Dr. Hopewell's testimony invalid or unreliable. Willis has made clear that Dr. Hopewell evaluated Willis based on Dr. Weir's recommendation; this was in the course of their treatment of Willis as a patient. Further, Willis has explained the reasons behind and the benefits of such neuropsychological evaluation. Thus, this Court sees no issue with allowing Dr. Hopewell to testify as to his diagnosis and treatment of Willis as it relates to his brain injury.

---

[12] [Id.].
[13] [Doc. No. 234 at p.3].
[14] [Id.].
[15] [Id. at p.4].
[16] [Id. at p.9].

## V.      CONCLUSION

For the reasons set forth herein, Shamrock's Motion in Limine to Exclude Testimony of

Dr. Alan C. Hopewell [Doc. No. 167] is **DENIED**.

MONROE, LOUISIANA, this 30th day of March, 2023.

Terry A. Doughty
United States District Judge