UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JON WILLIS** | **CASE NO.  2:19-CV-00165** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BARRY GRAHAM OIL SERVICE LLC** | **MAG. JUDGE KATHLEEN KAY** |

## MEMORANDUM RULING

Pending before the Court is a Motion in Limine to Exclude Testimony of Dr. Todd Cowen [Doc. No. 168] filed by Shamrock Management LLC d/b/a Shamrock Energy Solutions ("Shamrock"). Plaintiff Jon Willis ("Willis") filed an Opposition [Doc. No. 233].

For the reasons set forth herein, Shamrock's Motion in Limine is **DENIED**.

### I.     BACKGROUND

On February 10, 2018, Willis, an employee of Shamrock, was allegedly injured while working as a platform operator on a Fieldwood platform off the coast of Louisiana in the Gulf of Mexico. Willis allegedly lost his footing after a tagline he was holding slipped from cargo being offloaded from the MS TAMI ship, causing Willis to land on his backside on the platform deck.

In Shamrock's Motion in Limine, Shamrock seeks to prohibit Plaintiff's life care plan expert Dr. Todd Cowen ("Dr. Cowen") from testifying pursuant to Federal Rules of Evidence 702 and 703.

### II.    APPLICABLE LAW

FRE 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based

1

> on sufficient facts or data; (c) the testimony is the product of reliable principles and methods, and (d) the expert has reliably applied the principles and methods to the facts of the case.

District courts function as gatekeepers and should permit only reliable and relevant expert testimony to be presented to the trier of fact. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993). A court has great discretion concerning the admissibility and relevancy of evidence and has wide latitude to determine whether an expert has the competence, background, and experience to qualify. *Echeverry v. Jazz Casino Co.*, 998 F.3d 221, 235 (5th Cir. 2021).

A court's role as gatekeeper does not replace the traditional adversary system and a review of the case law. Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attaching shady but admissible evidence. *Vallecillo v. McDermott, Inc.*, 576 F. Supp. 3d 420, 424 (W.D. La. 2021). Additionally, challenges to the bases and sources of an expert's opinion affect the weight to be given to that opinion, not its admissibility. *Puga v. RCX Sols, Inc.*, 922 F.3d 285, 294 (5th Cir. 2019). If the evidence and facts of a particular case are such that a lay person can understand them without an expert's assistance, then the use of expert testimony is not only unnecessary and unhelpful, it actually invades the domain of common sense matters upon which jurors require no expert assistance. *United States v. Johnson*, 575 F.2d 1347, 1361 (5th Cir. 1978).

Admission of expert testimony is proper where: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *Bittle v. Cain*, 2015 WL 1311216, at *5 (ED. La., Mar. 23, 2015).

Rule 703 focuses on the data underlying the expert's opinion. *In re TMI Litigation*, 193 F.3d 613, 697 (3rd Cir. 1999). As part of its gatekeeper role, a district court must ensure that the underlying facts or data upon which a proffered expert's opinion is based are themselves reliable. If an expert's opinion is based on unreliable facts, the opinion must be excluded. *See In re TMI Litigation*, 193 F.3d at 697; *Montgomery County v. Microvote Corp.*, 320 F.3d 440, 448 (3rd Cir. 2003). "Rule 703's reliability standard is similar to Rule 702's reliability requirement, i.e., 'there must be good grounds on which to find the data reliable.'" *In re TMI Litigation*, 193 F.3d at 697 (internal citations omitted). Further, for every conclusion contained in an expert's report, a court must determine if the methodology leading to that conclusion is reliable. *Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194, 196 (5th Cir. 1996). A court may appropriately exclude expert testimony when it finds that an expert has extrapolated data, and there is "too great an analytical gap between the data and the opinion proffered." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *see also Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 279 (5th Cir. 1998). Such testimony should also be excluded when it is speculative or not amenable to scientific verification. *Moore*, 151 F.3d at 273. "Expert testimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006).

Shamrock's motion argues that Dr. Cowen's expert opinions are inadmissible because they exceed the scope of Dr. Cowen's role as a life care planner and are contrary to some of the opinions of Willis's treating physicians.[1] Thus, Shamrock requests that any opinion by Dr. Cowen regarding future medical diagnosis and treatment be substantially limited or excluded.[2]

---

[1] [Doc. No. 168-2 at p.2–3].
[2] [Id. at p.3].

### III. DR. COWEN'S REPORT AND OPINIONS

Dr. Cowen, "a board-certified physiatrist and an experienced life care planner, with almost 30 years of clinical experience," created a plan for Willis's expected future medical treatment and costs to assist the jury in determining any potential damages at trial.[3] Dr. Cowen met with Willis on January 14, 2020, about two years after the alleged accident occurred.[4] Dr. Cowen also "studied over a thousand pages of medical records generated by the plaintiff's treating physicians," and "repeatedly reached out to treating physicians regarding any changes in the future medical care that they recommended."[5] With all of this information, Dr. Cowen then "formulated [Willis's] life care plan in accordance with the tenets, methods, and best practices advocated by the American Academy of Physician Life Care Planners."[6]

### IV. ANALYSIS

In its Motion for Limine, Shamrock argues that Dr. Cowen's life care plan is based only on "a cursory review of medical records" and "a single evaluation" of Willis, making it inherently unsound.[7] Shamrock asserts that, despite Dr. Cowen's limited interaction with Willis, Dr. Cowen made numerous recommendations for Willis's future medical treatment—all this, Shamrock states, "without regard to the treatment notes, diagnoses, and recommendations of [Willis's] treating health providers."[8] Shamrock points to case law suggesting that a life care planner must cite to the specific reports or testimony of treating physicians in order to give an opinion concerning a plaintiff's future medical care.[9] Based on this authority, Shamrock argues that Dr. Cowen's

---

[3] [Doc. No. 233 at p.2].
[4] [Doc. No. 168-2 at p.4].
[5] [Doc. No. 233 at p.3].
[6] [Id. at p.2].
[7] [Doc. No. 168-2 at p.5].
[8] [Id.].
[9] [Id. (*citing Vaughn v. Hobby Lobby Stores, Inc.*, No. 6:19-CV-00293, 2021 WL 2131867, at *3 (W.D. La. May 25, 2021)].

4

opinions must be excluded because he did not sufficiently cite to the treating physicians' reports in his life care plan.[10] Further, Shamrock asserts that Dr. Cowen failed to amend his life care plan when Willis's treating physicians stated that certain kinds of medical treatments would no longer be required.[11]

In his opposition, Willis emphasizes that, as in other motions in limine filed in this matter, Shamrock has not actually argued that the expert, Dr. Cowen, fails to satisfy the *Daubert* standard.[12] For example, Shamrock cannot contest that Dr. Cowen is eminently qualified, that he used reasonable and accepted methodology, or that he properly applied his methodology.[13] Additionally, Willis points out that Dr. Cowen did not have a "cursory" interaction with Willis's case; rather, Dr. Cowen thoroughly prepared for his report by "reviewing [Willis's] extensive medical records generated by all of his treating physicians," "conducting an interview and examination of" Willis, and "maintaining follow-up contact by phone with both [Willis] and his treating physicians."[14] Further, Willis argues that it is at least unclear under the current law whether a life care planner must specifically base his report on the opinions of treating physicians.[15] However, even under Shamrock's interpretation of the case law, Willis asserts that Dr. Cowen did, in fact, rely on Willis's treating physicians in creating his original life care plan and every amended version of the plan thereafter.[16] Finally, Willis points out that Shamrock's motion fails to identify with any particularity exactly which opinions by Dr. Cowen vary from those of Willis's treating physicians, rendering the motion impermissibly vague.[17]

---

[10] [Id. at p.6].
[11] [Id.].
[12] [Doc. No. 233 at p.6].
[13] [Id.].
[14] [Id. at p.9].
[15] [Id. at p.11].
[16] [Id. at p.13].
[17] [Id. at p.22].

This Court agrees with Willis that Shamrock has failed to assert any valid reason for the exclusion of Dr. Cowen's testimony under *Daubert*. Not only is Dr. Cowen qualified to create a life care plan for Willis, but he clearly did so in accordance with well-accepted methodology. Regardless of whether the precedent requires a life care planner to use solely the opinions of treating physicians to reach a conclusion, rather than his own expertise, this Court finds that Dr. Cowen did use Willis's physicians' opinions extensively in his report. Further, the Court agrees with Willis that Shamrock's motion is too vague to determine which opinions Shamrock thinks impermissibly deviate from those of the treating physicians. Shamrock's arguments are better left to thorough cross-examination at trial.

## V.  CONCLUSION

For the reasons set forth herein, Shamrock's Motion in Limine to Exclude Testimony of Dr. Todd Cowen [Doc. No. 168] is **DENIED**.

MONROE, LOUISIANA, this 3rd day of April, 2023.

                                                                          Terry A. Doughty
                                                                  United States District Judge