UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JON WILLIS** | **CASE NO. 2:19-CV-00165** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BARRY GRAHAM OIL SERVICE L L C** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM RULING**

Before the Court are two Motions for Summary Judgment [Doc. Nos. 287, 289]. The first Motion for Summary Judgment [Doc. No. 287] is filed by Defendant Shamrock Management, LLC ("Shamrock"). Plaintiff Barry Graham Oil Service, LLC ("BGOS") filed an Opposition [Doc. No. 291] and Shamrock filed a Reply [Doc. No. 293]. The second Motion for Summary Judgment [Doc. No. 289] is filed by BGOS, and Shamrock filed an Opposition [Doc. No. 292]. BGOS filed a Reply [Doc. No. 294].

After carefully reviewing the filings of both parties, Shamrock's Motion [Doc. No. 287] is **DENIED**, and BGOS's Motion [Doc. No. 289] is **GRANTED IN PART** and **DENIED IN PART**.

**I.     Background**

This case was originally brought after the original plaintiff, Jon Willis ("Willis"), was injured while working as a platform operator on a Fieldwood Energy, LLC, ("Fieldwood") platform over the Outer Continental Shelf.[1] Willis sustained injuries while assisting with the unloading of a watercraft.[2] The watercraft being

---

[1] [Doc. No. 285, p. 1].
[2] [Id.].

unloaded at the time of the accident, the MV MS TAMI ("MS TAMI"), was owned and operated by BGOS, and was rented or loaned to Fieldwood under a charter agreement.[3] BGOS, the owner and operator of the vessel, was named as a defendant.[4] BGOS ultimately settled with Willis in September of 2023.[5]

On January 5, 2023, this Court granted summary judgment in favor of Shamrock and fellow defendant, Aspen Managing Agency Limited, on behalf of Aspen Syndicate 4711 at Lloyd's ("Aspen"), dismissing BGOS's third-party claims with prejudice, and denied BGOS's cross-motion for summary judgment.[6] This decision was appealed to the U.S. Fifth Circuit. The Fifth Circuit issued an opinion on November 20, 2024.[7] In its ruling, the Fifth Circuit found Shamrock liable to defend and indemnify BGOS for Willis's claims against BGOS in the principal demand.[8] The Fifth Circuit, moreover, acknowledged that Louisiana law applied to the dispute between BGOS and Shamrock, and found Shamrock's liability to BGOS enforceable despite the Louisiana Oilfield Anti-Indemnity Act ("LOAIA") because "the LOAIA does not void Shamrock's contractual defense, indemnity, and insurance obligations to Barry Graham."[9] Furthermore, the Fifth Circuit additionally found that the payment of a *Marcel* premium by Fieldwood extended to a third-party beneficiary such as BGOS.[10] The issue of insurance coverage was remanded back to this Court.[11]

---

[3] [Id.].
[4] [Id. at p. 2].
[5] [Id.].
[6] [Id.]; [Doc. No. 208].
[7] [Doc. No. 263].
[8] [Doc. No. 291, p. 1].
[9] [Id. at pp. 1–2].
[10] [Doc. No. 287-1, p. 2].
[11] [Doc. No. 263, p. 4, n.2].

On November 6, 2025, this Court granted Aspen's motion for summary judgment, determining that the "clear and unambiguous language of the Watercraft Exclusion eliminates coverage for liability arising out of the ownership, operation, or use of the MS TAMI. And the narrow "insured contract" exception to the Watercraft Exclusion is inapplicable because the underlying Mater Service Contract ("MSC") was not one for the ownership, maintenance, or use of the specific vessel involved in Willis's injury."[12] Accordingly, the only remaining claims between BGOS and Shamrock are the contractual claims for defense and indemnity under the Fieldwood–Shamrock MSC.[13] BGOS now seeks to recover the settlement amount and defense costs from Shamrock in accordance with the Fifth Circuit's opinion.[14]

The issues have been briefed, and the Court is prepared to rule.

## II. Law and Analysis

### A. Standard of Review

A court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant meets their initial burden of showing no genuine issue of material fact, "the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (citation modified). A fact is "material" when proof of its

---

[12] [Doc. No. 285, p. 6].
[13] [Doc. No. 287-1, p. 2].
[14] [Doc. No. 289, p. 1].

existence or nonexistence would affect the lawsuit's outcome under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "the mere existence of *some* alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48. And a dispute about a material fact is "genuine" only if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). But summary judgment is appropriate when the evidence is "merely colorable or is not significantly probative." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (citation modified).

Moreover, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation modified). Courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).

Finally—and importantly—there can be no genuine dispute as to a material fact when a party "fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof of trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

### B. The Louisiana Oilfield Anti-Indemnity Act and *Marcel*

The LOAIA "voids oilfield agreements to the extent the agreements contain provisions for indemnification for losses caused by negligence or fault of the indemnitee." *Marcel v. Placid Oil Co.*, 11 F.3d 563, 569 (5th Cir. 1994); *see* LA. STAT. ANN. § 9:2780(A), (G). The LOAIA ordinarily voids agreements in which "the employer of the injured plaintiff [is] required to provide insurance coverage indemnifying a third party." *Marcel*, 11 F.3d at 569. But the Fifth Circuit recognized an exception in *Marcel* when an indemnitee fully pays the indemnitor's insurance premiums for the indemnitee's coverage. *Id.* at 569–70.

Shamrock begins its arguments asserting that the LOAIA applies to the MSC as previously found by the Fifth Circuit.[15] Shamrock further argues that the LOAIA "voids ANY provision that would require Shamrock to defend or indemnify BGOS for losses arising from its own fault."[16] Specifically, Shamrock asserts that "BGOS was sued by Willis for his injuries that he alleges he suffered due to BGOS's negligence. BGOS then paid Willis to settle those negligence claims. BGOS now seeks contractual relief from Shamrock for the amounts it paid to Willis due to its alleged negligence and the amounts that it paid to defend itself against those claims. Neither contractual obligation is enforceable pursuant to the LOAIA."[17]

---

[15] [Doc. No. 287-1, p. 5].
[16] [Id. at pp. 5–6].
[17] [Id. at p. 5].

On the other hand, BGOS contends that Shamrock ignores the crux of the Fifth Circuit's ruling on this issue.[18] BGOS points the Court to look at the Fifth Circuit's exact language in its opinion:

> The LOAIA ordinarily voids agreements in which the employer of the injured plaintiff [is] required to provide insurance coverage indemnifying a third party." But this court recognized an exception in *Marcel* when an indemnitee fully pays the indemnitor's insurance premiums for the indemnitee's coverage.[19]

BGOS further asserts that Shamrock ignores the Fifth Circuit's ruling that LOAIA does not void Shamrock's contractual defense, indemnity, and insurance obligations to Barry Graham.[20] The Court agrees. "Therefore, the *Marcel* exception applies and the LOAIA does not void Shamrock's contractual defense, indemnity, and insurance obligations to Barry Graham."[21] This aligns with the Fifth Circuit's explicit holding that the LOAIA remains inapplicable to Shamrock's obligations.

As to the economic burden shift, Shamrock argues that the Fifth Circuit's November 20, 2024, opinion is clear—in remanding the case to this Court, the Fifth Circuit ruled there could be no shifting of the economic burden at which LOAIA is aimed to the indemnitor, Shamrock, nor could Shamrock bear any cost of BGOS's claim.[22] Essentially, Shamrock argues that, because this Court found no insurance coverage after the Fifth Circuit's remand, the

---

[18] [Doc. No. 291, p. 6].
[19] [Id.]; [Doc. No. 263, p. 9].
[20] [Id.]; [Id. at p. 12].
[21] [Doc. No. 263, p. 12].
[22] [Doc. No. 287, p. 6].

economic burden has shifted to Shamrock, which it contends is impermissible under the Fifth Circuit's ruling and warrants dismissal of BGOS's claims..[23] BGOS maintains that Shamrock misinterprets the Fifth Circuit's ruling.[24] The Court agrees. The Fifth Circuit made clear that "there is no shifting of the economic burden at which LOAIA is aimed when the principal pays the full premium for its contractor, so long as the indemnitor bears no part of that cost."[25] BGOS argues that the "economic burden" contemplated by the Fifth Circuit in this context refers specifically to the cost of the insurance premiums.[26] The Court agrees and sees no reason to decide what has already been made clear by the Fifth Circuit. "Here, no part of the cost of insuring Barry Graham is borne by Shamrock because Fieldwood paid the premium to extend coverage over all of Shamrock's 'indemnities as required by' the MSC."[27]

As to the argument regarding no insurance coverage, Shamrock asserts in a last-ditch effort that *Marcel* cannot apply in this case after this Court's determination that the Aspen policy excludes coverage for BGOS.[28] In making this argument, Shamrock contends that the Fifth Circuit expressly left insurance coverage questions for remand.[29] Shamrock argues that "applying the law of the case rule rigidly when circumstances have materially changed would lead to an outcome inconsistent with the LOAIA's public policy goals

---

[23] [Doc. No. 291, p. 7].
[24] [Id.].
[25] [Doc. No. 263, p. 10].
[26] [Doc. No. 291, p. 7].
[27] [Id.]; [Doc. No. 263, p. 12].
[28] [Doc. No. 293, p. 3].
[29] [Id.].

and work a manifest injustice as to Shamrock, who now has no insurance coverage for claims excluded by the Watercraft Exclusion, and who would have to bear the cost for BGOS's uninsured loss."[30]

Shamrock disputes that the *Marcel* exception applies under these circumstances because Fifth Circuit's express language in *Marcel* states, "[i]n approving this exception, however, we stress that the exception does not apply if any material part of the cost insuring the indemnitee is borne by the independent contractor procuring the insurance coverage."[31] BGOS reasserts that it is undisputed that Fieldwood paid the *Marcel* premium, and Shamrock did not bear the cost of insuring BGOS.[32] Additionally, BGOS argues that "this [is] exactly the scenario that the Fifth Circuit envisioned as fulfilling the *Marcel* exception and voiding application of the LOAIA; it has nothing to do with Shamrock bearing the cost of its indemnity obligations because its insurance policy provided insufficient coverage."[33]

The Court rejects Shamrock's arguments and interpretations. The Fifth Circuit's ruling is unambiguous: "the *Marcel* exception applies and the LOAIA does not void Shamrock's contractual defense, indemnity, and insurance obligations to Barry Graham."[34] Under the "law of the case" doctrine and the "mandate rule," a district court must implement both the "letter and spirit" of

---

[30] [Id].
[31] [Id. (quoting *Marcel*, 11 F.3d at 579)].
[32] [Doc. No. 291, p. 7].
[33] [Id.].
[34] [Doc. No. 263, p. 12].

an appellate mandate and cannot re-examine issues already decided. *United States v. Becerra*, 155 F.3d 740, 752–53 (5th Cir. 1998). The Fifth Circuit was aware of potential insurance defenses but held the indemnity obligation enforceable against Shamrock. Moreover, the Fifth Circuit seemingly reached this ruling without knowing whether insurance coverage would ultimately be found, which signals to this Court that the *Marcel* exception applies regardless of any dispute over insurance coverage.[35] In any event, Shamrock failed to provide support for the argument that the lack of insurance coverage would void the indemnity obligations. Instead, Shamrock cites *Jefferson v. International Marine, LLC.*, 224 So.3d 50 (La. Ct. App 2017). However, in *Jefferson*, no *Marcel* premium was ever paid to trigger the *Marcel* exception. Therefore, that case holds no authority here.

Shamrock additionally cites to *U.S. v. Navajo Nation*, 556 U.S. 287, 296–97 (2009), arguing that "notwithstanding the language in the opinion that would arguably preclude certain arguments, this lack of analysis does not prevent this Court from now undertaking the same."[36] While the Court acknowledges Shamrock's argument that the lack of actual insurance coverage for this loss should void their indemnity obligation under the LOAIA, the Court disagrees. The Fifth Circuit's mandate expressly held that the contract is enforceable due to Fieldwood's payment of the *Marcel* premium, and under the

---

[35] [Id. at p. 4 n.2].
[36] [Doc. No. 293, pp. 3–4].

Page **9** of **11**

mandate rule, this Court must follow that directive and conclude that the LOAIA does not void these specific contractual obligations to BGOS.

Shamrock's final contention is that the Fieldwood-Shamrock MSC expressly severed the indemnity obligation from the obligation to provide *Marcel* coverage.[37] Specifically, they cite Section 13(d) of the MSC, which states, "[t]he parties agree that their respective indemnity obligations hereunder are independent of any insurance which such parties may be required to carry hereunder."[38]

The Court does not see how this provision of the contract supports Shamrock's argument that it has no obligation to indemnify BGOS based on the absence of insurance coverage. In fact, it tends to express the exact opposite. Accordingly, the Court declines to find that Shamrock's lack of insurance coverage voids the contractual obligations that the Fifth Circuit has already determined exist in its ruling.

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Shamrock's Motion for Summary Judgment [Doc. No.287] is **DENIED**.

**IT IS FURTHER ORDERED**, **ADJUDGED**, **AND DECREED**, that the Motion for Summary Judgment filed by BGOS [Doc. No. 289] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent that BGOS

---

[37] [Id. at p. 6].
[38] [Id.]; [Doc. No. 128-3, p.7].

seeks to uphold the Fifth Circuit's ruling that Shamrock is contractually obligated to defend, indemnify, and insure BGOS for the claims arising in this litigation. The Motion is **DENIED** as it relates to the specific amount of money owed for settlement and defense costs. Because the evidence currently before the Court does not provide a finalized and proven sum for these damages, the determination of the exact amount of Shamrock's liability remains an issue for further proceedings.

MONROE, LOUISIANA, this 12th day of February 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE