**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

JON WILLIS                                            CIVIL ACTION NO.  2:19-CV-00165

VERSUS                                                JUDGE TERRY A. DOUGHTY

BARRY GRAHAM OIL SERVICE LLC        MAGISTRATE JUDGE LEBLANC

**MEMORANDUM ORDER**

Before the court are two motions to quash (the "Motions").  Docs.  318, 319.  Defendant

Barry Graham Oil Service, LLC ("BGOS") issued subpoenas duces tecum to Defendant Shamrock

Management, L.L.C. d/b/a Shamrock Energy Solutions ("Shamrock") and Jeffrey Trahan

("Trahan"), Shamrock's non-party principal.  *Id.*  Shamrock filed motions to quash on behalf of

itself and Trahan, seeking an order of the court quashing both subpoenas or, alternately, delaying

their enforcement until after entry of final judgment as to Shamrock.   Docs.  318, 319.  For the

reasons that follow, it is **ORDERED** that the Motions are **GRANTED**, and, accordingly

Shamrock and Trahan are relieved of the obligation to respond to the subpoenas at this time.

It is **FURTHER ORDERED** that the hearing on the Motions currently set for July 9, 2026,

is **CANCELED**.

It is **FURTHER ORDERED** that the Unopposed Motion to Stay Motions to Quash and

Motion to Stay Enforcement of Subpoenas [doc. 321] is **DENIED IN PART** as moot with respect

to the Motions and **GRANTED IN PART** solely to the extent of recognizing the parties'

agreement to stay enforcement of the subpoena issued by BGOS to Boss Energy Solutions, LLC,

which subpoena is not currently before the court in any other manner, until after entry of a final

judgment in this matter.

1

The subpoenas the subject of the Motions each seek dozens of categories of documents relating to the following general areas:

- The dissolution and winding down of Shamrock and certain associated entities;

- An asset purchase agreement and all retained liabilities and excluded assets referenced therein;

- The disposition of proceeds received from identified asset transfers;

- The formation, capitalization, and financial operation of Boss Energy Solutions, LLC and certain associated entities;[1]

- Banking, real estate, and investment records from Shamrock for an eight-year period;

- Shamrock's general ledgers and other accounting ledgers;

- Assets owned or formerly owned by Shamrock 2018–present, including legal claims, legal entities, royalties, patents, copyrights, immovable and movable property, and documentation evidencing the ownership, value, and/or sale of the same;

- Shamrock's debts, tax returns, income, and expenses for an eight-year period.[2]

Shamrock argues that the requests are premature because there has not yet been a relevant final judgment in this matter, and the requests seek information relevant to post-judgment enforcement against Shamrock and potentially Trahan.

The court agrees that the discovery requests are not appropriate at this time because they are not relevant to the issues currently before the court.[3] Federal Rule of Civil Procedure 26(b)(1) limits discovery to matters that are both relevant to any party's claims or defenses and proportional

---

[1] Doc. 318, at. 3 (Trahan subpoena).

[2] Doc. 319, at 3 (Shamrock subpoena).

[3] The main demand has settled. Doc. 258. The following issues are all that remain pending. On a partial grant of summary judgment, the court determined Shamrock is contractually obligated to defend, indemnify and insure BGOS but left the amount owed on that obligation undetermined. Doc. 296. That ruling is on appeal. Doc. 313. Also on appeal is the court's finding that BGOS is not entitled to coverage and defense as an insured under Shamrock's primary liability policy. Doc. 314. The instant discovery requests appear geared toward investigating Shamrock's and Trahan's ability to satisfy any final judgment entered by the court, rather than the issues on appeal.

to the needs of the case.  That standard is not satisfied here because the information sought pertains not to substantive issues to be resolved, but to enforcement of a judgment against Shamrock that has not yet been entered.  *See Moller v. Martian Sales, Inc.*, No. CV 24-228, 2025 WL 886720, at *4 (E.D. La. Mar. 21, 2025) (noting that, where income and earning capacity are not at issue in the litigation, facts about the party's financial status are generally not discoverable before obtaining a judgment against the party).  Accordingly, pursuant to Rule 45(d)(3), the subpoenas are quashed at this time because the burden associated with responding is not counterbalanced by relevance or probative value until final judgment is entered.  This order is entered without prejudice to BGOS's right to reissue subpoenas relevant to post-judgment recovery after a final judgment in this matter.

SO ORDERED at Lake Charles, Louisiana, this 7th day of July, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE